IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| EDWIN DARNELL STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-156 |
| | ) | |
| ACCESS SECURE PAK REMINGTON | ) | |
| RETURNS CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Augusta State Medical Prison in Grovetown, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

### I. SCREENING OF THE AMENDED COMPLAINT

#### A. BACKGROUND

Plaintiff names the following Defendants in his amended complaint: (1) Access Secure Pak Remington Returns Center; (2) Access Secure Pak Manufacturers; and (3) Staff at Remington Returns Center. (Doc. no. 3, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In October 2013, Plaintiff purchased and received a Remington rechargeable razor from

Access Secure Pak. (Id. at 5.) The razor irritated Plaintiff's face, neck, and throat upon use, and Plaintiff had to get medical treatment. (Id.) Access Secure Pak ignored Plaintiff's subsequent complaint letters. (Id.) Plaintiff asserts these actions violated his First and Eighth Amendment rights and seeks relief in the form of money damages, including compensatory and punitive damages. (Id. at 6.)

### B.   DISCUSSION

#### 1.   Legal Standard for Screening.

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure

does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Defendants Were Not Acting Under Color of State Law.

Plaintiff alleges that Defendants violated his federal rights. Defendants are private companies and employees from whom Plaintiff purchased a razor. (See generally doc. no. 3.) To establish a claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured under the Constitution or federal law, and that such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). A private company or person is only viewed as acting under color of state law if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly attributed to the State. Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001). Plaintiff does not allege, nor can he, any facts which would

establish such nexus, and thus, his amended complaint must be dismissed. See Miller v. Access SecurePak, No. CIVS071538FCDCMKP, 2007 WL 4239545, at *2 (E.D. Cal. Dec. 3, 2007) report and recommendation adopted, No. CIV S07-1538 FCDCMKP, 2007 WL 4538637 (E.D. Cal. Dec. 19, 2007) aff'd, 300 F. App'x 506 (9th Cir. 2008) (dismissing prisoner's complaint alleging Access SecurePak failed to timely deliver food because they were not acting under color of state law); Correa v. McDonald, No. CIV.S-10-0531 DAD P, 2010 WL 3717565, at *4 (E.D. Cal. Sept. 16, 2010) report and recommendation adopted, No. CIV S-10-0531 FCD, 2010 WL 4394146 (E.D. Cal. Oct. 29, 2010) (Access SecurePak was a private actor not acting under color of state law); Montague v. Corr. Corp. of Am., No. 3:10-CV-00443, 2010 WL 3853361, at *2 (M.D. Tenn. Sept. 30, 2010) report and recommendation adopted, No. 3-10-0443, 2010 WL 4179942 (M.D. Tenn. Oct. 20, 2010) (same).

### 3. Plaintiff Fails to State a Claim for Deliberate Indifference to His Serious Medical Needs.

Even if Plaintiff had alleged that Defendants were acting under color of state law, he cannot establish that they violated his Eight Amendment rights. To state a claim of deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had an objectively serious medical need, (2) Defendants acted with deliberate indifference to that need, and (3) his injury was caused by Defendants' wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (noting that a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the first prong, a prisoner's medical need must have been "diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the second prong, Plaintiff must allege that Defendants: (1) were subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Id.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow, 320 F.3d at 1243. The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. Moreover, the Eleventh Circuit has

5

consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).

First, Plaintiff does not allege a serious medical need. He alleges that the razor "irritated" his face, neck, and throat, but does not point to any specific diagnosis or allege that the razor burn was a serious injury. As such, this is only constitutes a superficial, nonserious injury. Accordingly, "delay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute an Eighth Amendment violation." Hill, 40 F.3d at 1187-88.

In addition, Plaintiff does not allege that Defendants were in any way deliberately indifferent to his serious medical need. Indeed, Plaintiff does not allege that Defendants were aware of a purported serious risk to his health or made any decision about his medical care. Thus, because Defendants were not deliberately indifferent to his serious medical need, Plaintiff is also unable to demonstrate a causal connection between any alleged constitutional violation and his injury. For all of these reasons, Plaintiff fails to state a claim for deliberate indifference to his serious medical needs.

### 4. Plaintiff Fails to State a Claim Under the First Amendment.

Lastly, Plaintiff also fails to state a claim for retaliation under the First Amendment by alleging that Defendants ignored his letters complaining about the razor. "To prevail on a retaliation claim, the inmate must establish that: '(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a

6

causal relationship between the retaliatory action [the disciplinary punishment] and the protected speech . . . .'" O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011). Here, Plaintiff fails to allege any retaliatory actions by Defendants or that he suffered any adverse action because of the alleged retaliatory acts. Accordingly, even if Plaintiff had alleged that Defendants were acting under color of state law, he cannot establish that they violated his First Amendment rights.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** for failure to state a claim and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of November, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA