IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| EDWIN DARNELL STEPHENS, | * | |
| Plaintiff, | * | |
| v. | * | CV 114-156 |
| ACCESS SECURE PAK REMINGTON RETURNS CENTER et al., | * | |
| Defendants. | * | |

## ORDER

Plaintiff, an inmate incarcerated at Augusta State Medical Prison in Grovetown, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. On November 17, 2014, the Magistrate Judge issued a Report and Recommendation ("R&R") in which he recommended dismissal of this case because Plaintiff had failed to state a claim upon which relief can be granted. (Doc. no. 11.) The Court instructed Plaintiff to file any objections to the R&R by December 4, 2014. (Doc. no. 12.) As no objections to the R&R were received by the deadline, the Court adopted the R&R on December 10, 2014. (Doc. no. 13.) On January 5, 2015, the Clerk's Office received a new filing by Plaintiff, dated November 26, 2014 and postmarked January 3, 2015. (See doc. no. 15.) As Plaintiff opposed the R&R in this filing, the Court construed it as an objection and vacated its December 10, 2014 Order in an abundance of caution. (See doc. no. 16.) After reviewing the file and Plaintiff's objection *de novo*, however, the Court again found no

reason to depart from the Magistrate Judge's conclusion in the R&R and dismissed Plaintiff's case. (Id.)

On January 22, 2015, the Clerk's Office received an additional filing from Plaintiff that is undated but postmarked December 17, 2014. (See doc. no. 18.) Although acknowledging that this Court has twice dismissed his case for failure to state a claim, Plaintiff asserts that the prison library failed to include "most of [his] statement of claims" in the "civil claim forms." (Id. at 1.) The Court thus construes Plaintiff's filing as a motion for reconsideration of this Court's January 12, 2015 Order (doc. no. 16) now that the Court has a full explanation of his claims.

Pursuant to Federal Rule of Civil Procedure 59(e), a party may seek to alter or amend a judgment in a civil case within twenty-eight days after the entry of the judgment. "[R]econsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) (citation omitted). Although the text of Rule 59(e) does not specify a standard to be used by courts in exercising authority under the Rule, courts in this Circuit have taken the position that a motion for reconsideration should only be granted if there is (1) an intervening change in controlling law[;] (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice. See, e.g., Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Ga. 1994).

2

The movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision, for reconsideration is an extraordinary remedy to be employed sparingly. Williams, 320 F. Supp. 2d at 1358 (citation omitted); Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993) (citation omitted). A motion for reconsideration should not be used to present arguments already heard and rejected, or to offer new legal theories or evidence that could have been presented before the original decision. Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005); Wendy's Int'l v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 686 (M.D. Ga. 1996).

Upon careful review, nothing in Plaintiff's filing directs the Court's attention to an intervening change in controlling law, nor does it present a single new fact or claim. Therefore, the Court finds no legal basis or other reason grounded in the evidence for reconsidering its previous order. Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration of this Court's January 12, 2015 Order (doc. no. 16) adopting the R&R and dismissing Plaintiff's amended complaint for failure to state a claim. (Doc. no. 18.)

**ORDER ENTERED** at Augusta, Georgia, this 26th day of January, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA