IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

EDWIN DARNELL STEPHENS,          *
                                 *
     Plaintiff,                  *
                                 *
     v.                          *     CV 114-156
                                 *
ACCESS SECURE PAK REMINGTON      *
RETURNS CENTER et al.,           *
                                 *
     Defendants.                 *

O R D E R

Plaintiff, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983 on July 18, 2014. Plaintiff has since developed a complicated filing history due to some irregularities with the ASMP mail system that the Court will not repeat here. (See doc. no. 19 at 1-2.) Most recently, however, this Court construed an undated filing received by the Clerk's Office on January 22, 2015 as Plaintiff's motion for reconsideration. (Id.) Upon careful review of that motion and Plaintiff's new or complete "statement of claim," the Court found no legal basis or other reason grounded in the evidence presented by Plaintiff to reconsider its previous Order adopting the Magistrate Judge's Report and Recommendation and dismissing Plaintiff's amended complaint for failure to state a claim. (Id.)

Now before the Court is a motion in which Plaintiff specifically requests "reconsideration . . . according to his

statement of claim" and appointment of counsel "to take his civil suit to be heard by a jury." (Doc. no. 20.) As the Court already reviewed Plaintiff's "statement of claim" in connection with its previous Order under this Circuit's Rule 59(e) precedent, the Court **DENIES AS MOOT** Plaintiff's motion for reconsideration.

Moreover, "[a] plaintiff in a civil case has no constitutional right to counsel." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (citation omitted). The decision to appoint counsel is within the Court's discretion, and the Court should appoint counsel only in exceptional circumstances, "such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Id. (citing Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990)). Plaintiff has not demonstrated that exceptional circumstances exist in this case — which boils down to his dissatisfaction with a razor purchased by his family and the manufacturer's alleged failure to perform under the warranty. In fact, his claims seeking vindication of First and Eighth Amendment rights are utterly frivolous. Plaintiff's motion to appoint counsel (doc. no. 20) is also **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of January, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA